THE PEOPLE *ex rel.* John E. George, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. PRACTICE—*when exception to judgment in tax case is sufficiently shown by bill of exceptions.* A recital in the judgment order of the court, contained in the bill of exceptions in a proceeding to collect a tax, to the effect that the court overrules all other objections and that judgment be entered against the property, "to which judgment of the court overruling said objections the said objector, by its attorneys, then and there excepts," sufficiently shows an exception to the judgment of the court and not merely to its action in overruling the objections.

2. TAXES—*what does not show a contingency under section 14 of Roads and Bridges act.* To certify, merely, that the additional levy is needed for the purpose of "building and repairing bridges" or for "building new bridges" does not show a contingency within the meaning of section 14 of the Roads and Bridges act, as it is for such purposes, unless some contingency exists, that the regular levy is authorized by section 13 of such act.

3. SAME—*the tax "for opening new roads" cannot be levied as an additional tax under section 14.* Section 15 of the Roads and Bridges act provides a method for making an additional levy to pay damages allowed or agreed upon for laying out new roads, and hence the "opening of new roads" is not such a contingency as is contemplated by section 14 of said act, and the putting of new roads in condition after they have been opened must be paid for by the regular levy under section 13.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

HOGAN & WALLACE, for appellant.

W. H. STEAD, Attorney General, ARTHUR YOCKEY, State's Attorney, and FRED H. HAND, (JUNE C. SMITH, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment rendered by the county court of Christian county at the June term, 1910, against the property of appellant, the Wabash Railroad Company, for delinquent road and bridge taxes of the towns of May and Taylorville, in said county. The principal objections filed by the railroad company in the county court were, that the tax in each town was in excess of the amount which could lawfully be levied for road and bridge purposes, and that no contingency existed for the making of an additional levy.

It appears from the record that the taxes were extended upon certificates of the town clerks of the respective towns showing an additional levy of twenty-five cents on each $100 valuation of property, made by the commissioners of highways with the consent of the board of town auditors and assessor. The proceedings by which this additional levy was sought to be made, in each instance consisted of the making of a certificate by the highway commissioners to the board of town auditors and assessor, the giving of consent, in writing, by the board of town auditors and assessor to an additional levy of twenty-five cents on each $100 valuation of property in the town, and the making of a certificate by the highway commissioners levying thirty-six cents on each $100 valuation for road and bridge purposes and for the payment of any oustanding orders drawn on their treasurer, and an additional twenty-five cents on each $100 valuation in pursuance of the written consent of the board of town auditors and assessor. In the case of the

attempted levy of the additional sum of twenty-five cents on each $100 valuation by the highway commissioners of the town of May, the commissioners, at their meeting in September, 1909, certified to the board of town auditors and assessor that "by reason of the following contingency which exists in said town, to-wit, building and repairing bridges, a greater levy is needed than can be provided for by a rate of thirty-six cents on each $100 valuation, as provided in section 13 of the Road and Bridge act." The board of town auditors and assessor thereupon gave their written consent to "an additional levy of twenty-five cents on each $100 valuation to be made by the highway commissioners of said town by reason of the following contingency which exists in said town, to-wit, building bridges, as provided for in section 14 of the Road and Bridge act." On the same day the commissioners made another certificate, in which it was stated that the rate per cent finally agreed upon and levied for road and bridge purposes and for the payment of any outstanding orders drawn on their treasurer, under the provisions of section 13 of the Road and Bridge act, was thirty-six cents on each $100, and that they also thereby levied "the additional sum of twenty-five cents on each $100 valuation under the provisions of section 14 of said act, in pursuance of the consent of the board of town auditors above given in writing, for the specific contingency above mentioned." These certificates and the written consent of the board of town auditors and assessor were filed with the town clerk, and copies of the same were certified by him to the county clerk as authority for the extension of the taxes to which objection is made by appellant. The same procedure was followed in the town of Taylorville, the only difference in the instruments filed with the town clerk being that the contingency specified therein is "for building new bridges and opening new roads."

Appellant contends that these levies were void because the certificates of the highway commissioners and the written consent of the board of town auditors and assessor fail to disclose any contingency requiring an additional levy under the provisions of section 14 of the Road and Bridge act. Appellee insists that appellant preserved no exception to the rendition of the judgment, and is therefore not in a position to urge any error of the court as ground for reversal.

The judgment order of the court is contained in the bill of exceptions as well as in the transcript of the court record. The only recital in the bill of exceptions of the action of the court in overruling the objections is contained in the judgment order. After the preliminary recitals as to the filing of objections, the hearing thereon, the argument of counsel, etc., and the sustaining of one objection not involved in this appeal, the judgment order continues: "It is further ordered by the court that all other objections interposed by said objector be and the same are hereby overruled. It is therefore considered by the court that judgment be entered against the property. * * * To which judgment of the court overruling said objections the said objector, by its attorneys, then and there excepts and prays an appeal," etc. It is contended by appellee that this does not constitute an exception to the judgment but is merely an exception to the action of the court in overruling the objections. This contention is too hypercritical. The exception is to the judgment of the court. The action of the court in overruling the objections did not constitute a judgment, and without the judgment which followed would not warrant the sale of objector's property. Had the exception been expressly to the action of the court in overruling the objections then there would be basis for appellee's contention, but the exception is "to which judgment of the court," and can refer only to the judgment entered. The words "overruling said objections" can be treated as

surplusage, or, as would more likely conform to the facts, the whole recital as to the exception may be treated as a record of the taking of an exception to both the action of the court in overruling the objections and in entering judgment. By this exception the questions here presented were properly preserved for review.

The objections to the road and bridge taxes of both the towns, May and Taylorville, should have been sustained. To certify, merely, that the additional levy is needed for the purpose of "building and repairing bridges" or for "building new bridges" does not state a contingency within the meaning of section 14 of the Road and Bridge act. (*People v. Kankakee and Southwestern Railroad Co.* 237 Ill. 362.) It is for such purposes that the regular levy authorized by section 13 of the act is provided. A bridge or bridges might be destroyed or impaired by a force of such a character as to create the contingency that said section 14 was designed to meet, but the certificates fail to show any such situation.

The contingency specified in the certificate of the highway commissioners of the town of Taylorville, "for opening new roads," is not such a contingency as is contemplated by said section 14. Section 15 of the Road and Bridge act provides the method for making an additional tax levy to pay the damages allowed or agreed upon for laying out new roads, and the funds necessary for improving such new roads and putting them in a suitable condition to be used by the public after they have been opened must be raised by the levy for the ordinary road and bridge purposes provided for in said section 13.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain the objections.    *Reversed and remanded, with directions.*